UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Tatyana Mason | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| v. | |
| Windham Professionals, Inc. | |
| Defendant. | JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff is a natural person who resided in Lacey, WA at all times relevant to this action.

2. Defendant is a New Hampshire corporation that maintained its principal place of business in Salem, NH at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to University of Washington, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around March 8, 2012, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt. During this communication, Defendant threatened to file a lawsuit against Plaintiff and threatened to telephone Plaintiff's employer in order to embarrass Plaintiff. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

14. Despite the above notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt again three times on March 8 and twice on March 13, 2012.

15. Defendant caused Plaintiff emotional distress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

18. In support hereof, Plaintiff incorporates paragraph 13-14 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

20. In support hereof, Plaintiff incorporates paragraph 13-14 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

22. In support hereof, Plaintiff incorporates paragraph 13 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692e by threatening to take action that cannot legally be take or that is not intended to be taken.

24. In support hereof, Plaintiff incorporates paragraph 13 as if specifically stated herein.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: */s/ Mona Lisa C. Gacutan*
Mona Lisa C. Gacutan
WSBA #39344
600 Stewart St, Ste 720
Seattle, WA  98101
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email:  mgacutan@maceybankruptcylaw.com
*Attorney for Plaintiff*